[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15592
Non-Argument Calendar

_____

D. C. Docket No. 05-00318-CV-CAR-5

MONTENEZ PROSSER,

Plaintiff-Appellant,

versus

TACO BELL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 26, 2008)

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Montenez Prosser, proceeding *pro se*, appeals the jury verdict in favor of Taco Bell in his sex discrimination suit filed pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2(a). On appeal, Prosser raises a number of evidentiary challenges. Because Prosser did not file a trial transcript with this court, we are unable to review in a meaningful way whether the alleged errors occurred. Accordingly, we affirm the judgment in favor of Taco Bell.

Federal Rule of Appellate Procedure 10 requires an appellant to order trial transcripts. Fed. R. App. P. 10(b). *Pro se* appellants, like counseled appellants, "must provide trial transcripts in the appellate record to enable this court to review challenges to sufficiency of the evidence." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002). "We review a ruling on the admissibility of evidence for an abuse of discretion." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1276 (11th Cir. 2008). "To gain a reversal based on a district court's evidentiary ruling, a party must establish that (1) its claim was adequately preserved; (2) the district court abused its discretion in interpreting or applying an evidentiary rule; and (3) this error affected a substantial right." *Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1349 (11th Cir. 2007) (quotation omitted). The challenging party bears the burden of proving the error "probably had a substantial influence on the jury's verdict." *Id*. at 1352 (quotation omitted).

Prosser has not filed trial transcripts.  If this court were to find the district court erred with respect to one of the challenged pretrial evidentiary rulings, the next question would be whether such error was harmless.  This inquiry would require an examination of the evidence presented at trial.  Without the trial transcripts we are unable to determine whether any of the alleged evidentiary errors had a substantial influence on the jury's verdict.  Accordingly, we affirm the district court.

**AFFIRMED.**